# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 16-661V
Filed: January 19, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LINDA YBARRA, | \* |
| | \* |
| Petitioner, | \* |
| | \*   Tdap vaccine; SIRVA; no proof |
| v. | \*   of Table injury or of causation; |
| | \*   petitioner moves to dismiss |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>John Howie, Jr.</u>, Dallas, TX, for petitioner.
<u>Ryan D. Pyles</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On June 3, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on November 10, 2013 caused her shoulder injury related to vaccine administration ("SIRVA") and which the vaccine caused. Pet. Preamble and ¶ 20.

On January 16, 2018, petitioner filed a Motion for a Decision Dismissing her Petition. She states that "she will be unable to prove that she is entitled to compensation in the Vaccine Program" and that "to proceed further would be unreasonable and would waste the resources" of the court, respondent, and the Vaccine Program. Pet'r's Mot. at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing her Petition and **DISMISSES** this case.

## FACTS

### Medical Records

### Prevaccination Records

On June 9, 2011, petitioner saw Deanna E. Wallace, complaining of joint pain in her neck, shoulders, wrists, hands, lower back, hips, knees, and feet since she was 17 years old but progressively worsening. Med. recs. Ex. 4, at 5. She was diagnosed with osteoarthritis in her twenties and thirties. She was also diagnosed with lumbar stenosis. She complained of all-day fatigue, and aches and pains in her proximal arms and neck. She was diagnosed with polyarthralgia. Id.

### Postvaccination Records

On November 10, 2013, petitioner received Tdap vaccine. Med. recs. Ex. 2, at 1-2.

On December 9, 2014, petitioner went to Sports Medicine and Rehabilitation, complaining of difficulty with daily activities, fatigue, poor endurance, joint stiffness, muscle weakness, neck pain, upper arm tingling, left upper arm pain, and left forearm and hand pain. Med. recs. Ex. 9, at 7. She said her current problems began on June 1, 2014 with an insidious onset of left upper arm pain posteriorly and laterally about six months previously, with a gradual increase in symptoms and radiation of pain into her left dorsal forearm and hand. She had a history of neck soreness and stiffness for many years. Id.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for Tdap vaccine, she would not have SIRVA, but also that Tdap vaccine was a substantial factor in causing her SIRVA. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999). From her medical records, it is doubtful that she even had SIRVA.

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations. She has not filed a medical expert opinion in support of her allegations.

Petitioner moves for a decision dismissing her petition.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 19, 2018                                /s/ Laura D. Millman
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.